B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT Northern District of Illinois | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): YOUNGBLOOD, KRYSTAL C. | Name of Joint Debtor (Spouse) (Last, First, Middle): YOUNGBLOOD JR., RAYMOND |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 8531 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 6566 |
| Street Address of Debtor (No. and Street, City, and State): 820 SOUTH PARK TERRACE #113 CHICAGO, IL. COOK Ky ZIP CODE 60605 | Street Address of Joint Debtor (No. and Street, City, and State): 820 SOUTH PARK TERRACE #113 CHICAGO, IL. COOK Ky ZIP CODE 60605 |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7  ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity (Check box, if applicable.) | Nature of Debts (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached. Ky<br>☒ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☒ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☒ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☒ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
AUG -5 2013
KENNETH S. GARDNER, CLERK
REP. - SW

Form B1, p.2 (04/13)    BlumbergExcelsior, Inc., Publisher, NYC 10013

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): YOUNGBLOOD, KRYSTAL C. YOUNGBLOOD JR., RAYMOND |
|---|---|

| **All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed: | Case Number | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made part of this petition. | _____  _____ Signature of Attorney for Debtor(s).                Date: |

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a seperate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.
If this is a joint petition:
☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor-Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:


Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. & 362(1)).

 **Form B1, p.3 (04/13)**     **Blumberg**Excelsior, Inc., Publisher, NYC 10013

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>YOUNGBLOOD, KRYSTAL C.<br>YOUNGBLOOD JR., RAYMOND |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter title 11, United States Code, specified in this petition.

X _Krystal C. Youngblood_
Signature of Debtor

X _Raymond YoungBlood Jr._
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
312-344-1635

_8/5/2013_
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached.

☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)
Printed Name of Attorney for Debtor(s)

Firm Name

Address

Telephone Number

Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor(Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date _____

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. §110.)
Address

X _____
Date
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Form B1, Exhibit D (12/09) Page 1   **Blumberg**Excelsior, Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

NORTHERN **District of** Illinois

In re  YOUNGBLOOD, KRYSTAL C.
       YOUNGBLOOD JR., RAYMOND
       Debtor(s)

Case No.
                    (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

YOUNGBLOOD, KRYSTAL C.

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[x] 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[ ] 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to you. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Form B1, Exhibit D (12/09) Page 2   **Blumberg**Excelsior, Publisher, NYC 10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4)as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person. by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Krystal C. Youngblood*
YOUNGBLOOD, KRYSTAL C.

Date: 8/5/2013

Form B1, Exhibit D (12/09) Page 1    **Blumberg**Excelsior, Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

NORTHERN **District of** Illinois

In re  YOUNGBLOOD, KRYSTAL C.              Case No.
       YOUNGBLOOD JR., RAYMOND                        (if known)
       Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

YOUNGBLOOD JR., RAYMOND

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditor's collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a seperate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case, I**   received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.*Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case, I**   received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Form B1, Exhibit D (12/09) Page 2   **Blumberg**Excelsior, Publisher, NYC 10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person. by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Raymond Youngblood Jr*
                          YOUNGBLOOD JR, RAYMOND

Date: 8/5/2013

Form B6 SUM  (12/07)      **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT NORTHERN      DISTRICT OF Illinois

In re: YOUNGBLOOD, KRYSTAL C.            Debtor(s)   Case No.
YOUNGBLOOD JR., RAYMOND                   Chapter

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data"  if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | x | 1 | 0.00 | | |
| B - Personal Property | x | 5 | 350.00 | | |
| C - Property Claimed as Exempt | x | 1 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 10 | | 93,350.27 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I - Current Income of Individual Debtor(s) | x | 1 | | | 4062.24 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 4009.00 |
| Total Number of Sheets of All Schedules | | 23 | | | |
| Total Assets | | | 350.00 | | |
| Total Liabilities | | | | 93350.27 | |

 Form B6, S2, (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

### United States Bankruptcy Court

In re: NORTHOOD, KRYSTAL C.
YOUNGBLOOD, KRYSTAL C.
      YOUNGBLOOD JR., RAYMOND

**District Of** Illinois

Debtor(s)

Case No.

Chapter  7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

    If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $    0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $    0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $    0.00 |
| Student Loan Obligations (from Schedule F) | $    0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $    0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $    0.00 |
| TOTAL | $    0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I Line 16) | $    4,062.24 |
| Average Expences (from Schedule J, Line 18) | $    4,009.00 |
| Current Monthly Income (from Form 22A Line 12; **OR** Form 22B Line 11; **OR,** Form 22C Line 20) | $    1,600.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, IF ANY" column | | $    0.00 |
| 2. Total fromSchedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $    0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $    0.00 |
| 4. Total from Schedule F | | $    93,350.27 |
| 5. Total from non-priority unsecured debt (sum of 1, 3, and 4) | | $    93,350.27 |

**The foregoing information is for statistical purposes only under 28 U.S.C § 159.**

Form B6 A  (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:YOUNGBLOOD, KRYSTAL C.      Debtor(s) Case No.                    (if known)
    YOUNGBLOOD JR., RAYMOND

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |
| | Total -> | | | (Report also on Summary of Schedules) |

Form B6 B (12/07)                    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   YOUNGBLOOD, KRYSTAL C.                          Debtor(s)   Case No.                    (if known)
         YOUNGBLOOD JR., RAYMOND

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | | CASH ON HAND | | 50.00 |
| 02 Checking savings or other financial accounts certificates of deposit or shares in banks savings and loan thrift building and loan and homestead associations or credit unions brokerage houses or cooperatives. | | CHECKING | | 0.00 |
| 03 Security Deposits with public utilities telephone companies landlords and others. | x | | | |
| 04 Household goods and furnishings including audio video and computer equipment. | | HOUSEHOLD GOODS | | 150.00 |
| 05 Books; pictures and other art objects; antiques; stamp coin record tape compact disc and other collections or collectibles. | x | | | |
| 06 Wearing apparel. | | CLOTHING | | 150.00 |
| 07 Furs and jewelry. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->

350.00

_____ Continuation sheets attached

Form B6 B  (12/07)                    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   YOUNGBLOOD, KRYSTAL C.                          Debtor(s)    Case No.              (if known)
         YOUNGBLOOD JR., RAYMOND

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 08  Firearms and sports photographic and other hobby equipment. | x | | | |
| 09  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10  Annuities. Itemize and name each issuer. | x | | | |
| 11  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars.(file separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | x | | | |
| 12  Interests in IRA ERISA Keogh or other pension or profit sharing plans. Give particulars. | x | | | |
| 13  Stock and interest in incorporated and unincorporated businesses. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   |   350.00

_____ Continuation sheets attached

Form B6 B (12/07)                  **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:  YOUNGBLOOD, KRYSTAL C.                                    Debtor(s)   Case No.                    (if known)
        YOUNGBLOOD JR., RAYMOND

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14  Interest in partnerships or joint ventures. Itemize. | x | | | |
| 15  Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16  Accounts receivable. | x | | | |
| 17  Alimony maintenance support and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 18  Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 19  Equitable or future interests life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | x | | | |
| 20  Contingent and non-contingent interests in estate of a decedent death benefit plan life insurance policy or trust. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   350.00

_____ Continuation sheets attached

Form B6 B  (12/07)                    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:  YOUNGBLOOD, KRYSTAL C.                          Debtor(s)   Case No.                    (if known)
        YOUNGBLOOD JR., RAYMOND

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21 Other contingent and unliquidated claims of every nature including tax refunds counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | x | | | |
| 22 Patents copyrights and other general intellectual property. Give particulars. | x | | | |
| 23 Licenses franchises and other general intangible. Give particulars. | x | | | |
| 24 Customer lists or compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided by individuals connected with obtaining product or service from the debtor primarily for personal family or household purposes. | x | | | |
| 25 Automobiles trucks trailers and other vehicles and accessories. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   350.00

_____ Continuation sheets attached

Form B6 B (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:  YOUNGBLOOD, KRYSTAL C.                    Debtor(s)   Case No.                    (if known)
        YOUNGBLOOD JR., RAYMOND

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26 Boats motors and accessories. | x | | | |
| 27 Aircraft and accessories. | x | | | |
| 28 Office equipment furnishings and supplies. | x | | | |
| 29 Machinery fixtures equipment and supplies used in business. | x | | | |
| 30 Inventory. | x | | | |
| 31 Animals. | x | | | |
| 32 Crops-growing or harvested. Give particulars. | x | | | |
| 33 Farming equipment and implements. | x | | | |
| 34 Farm supplies chemicals and feed. | x | | | |
| 35 Other personal property of any kind not already listed. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->

_____ Continuation sheets attached

350.00

Form B6 C (04/13)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.
　　　 YOUNGBLOOD JR., RAYMOND                Debtor(s) Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:　　　☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

☐ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| CASH ON HAND | 735 ILCS 5/12 - 1001 | 50.00 | 50.00 |
| CHECKING | 735 ILCS 5/12 - 1001 | 0.00 | 0.00 |
| HOUSEHOLD GOODS | 735 ILCS 5/12 - 1001 | 150.00 | 150.00 |
| CLOTHING | 735 ILCS 5/12 - 1001 | 150.00 | 150.00 |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Form B6 D  (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.                                    Debtor(s)  Case No.
        YOUNGBLOOD JR., RAYMOND

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[x]  Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO D E B T | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| | | | Subtotal -> (Total of this page) | | | |
| | | | Total -> | | | |

_____  Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

(If applicable, Report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6 E (04/13)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.   Debtor(s)   Case No.   (if known)
      YOUNGBLOOD JR., RAYMOND

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $12,475* per employee, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4)

[ ] **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

[ ] **Deposits by individuals**
Claims of individuals up to $2775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

[ ] **Alimony, Maintenance, or Support**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative od such child, or a governmental unit whom such a domestic support claim was assigned to the extent provided in U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(8)

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for deathe or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intocicated from using alcohol, a drug, or another substance 11 U.S.C.  § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2016, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NO. (See Instructions) | CO DE BT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY / AMT NOT ENTITLED TO PRIORITY, IF ANY | C U D * |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | Total -> |  |  |
|  |  |  |  |  | Total -> |  |
|  |  |  |  |  |  |  |

_____ Continuation Sheets attached.

| | Subtotal -> (Total of this page) | |
|---|---|---|
| (Use only on last page of the completed Schedule E. (Report total also on Summary of Schedules.) | Total -> | |
| (Use only on last page of the completed Schedule E.) | Total -> | |

If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

 Form B6 F (12/07)      Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.               Debtor(s)      Case No.              (if known)
       YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| DAVID LIEB MD<br>PO BOX 388320<br>CHICAGO<br>IL<br>60638 | | | MEDICAL BILL | | $ 8.40 |
| DOUBEK MEDICAL SUPPLY<br>11350 S. CICERO AVE<br>ALSIP<br>IL<br>60803 | | | MEDICAL BILL | | $ 48.03 |
| EBSCO TELESERVICES<br>PO BOX 830049<br>BIRMINGHAM<br>AL<br>35283 | | | COLLECTION | | 38.97 |
| EMP OF CHICAGO LLC<br>PO BOX 182554<br>COLUMBUS<br>OH<br>43218 | | | MEDICAL BILL | | 36.80 |
| FIRST HEALTH PART D<br>PO BOX 6472<br>CAROL STREAM<br>IL<br>60197 | | | MEDICAL BILL | | 264.00 |
| GENRAL MOTORS ACCEPTANCE<br>200 KIRTS BLVD<br>TROY<br>MI<br>48084 | | | CONSUMER DEBT | | 942.21 |

X ____ continuation sheets attached.

Subtotal  $  1,338.41

(Use only on last page of the completed Schedule F.)     Total  $  30,503.41
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

 **Form B6 F (12/07)**   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.          Debtor(s)     Case No.          (if known)
YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| MERCY HOSPITAL 2525 S MICHIGAN AVE CHICAGO IL 60620 | | | MEDICAL BILL | | 1,216.25 |
| MIDLAND CREDIT MANAGEMENT 8875 AERO DRIVE SAN DIEGO CALIFORNIA 92133 | | | COLLECTION | | 633.58 |
| MIDWEST DIAGNOSTIC PATHOL 75 REMITTANCE DR STE 3070 CHICAGO IL 60675 | | | MEDICAL BILL | | 190.00 |
| NCO FINANCIAL GROUP 507 PRUDENTIAL ROAD HORSHAM PA 19044 | | | COLLECTION | | 334.23 |
| NCO FINANCIAL SYSTEM PO BOX 15630 WILMINGTON DELAWARE 19850 | | | COLLECTION | | 334.00 |
| NORTH SHORE AGENCY 270 SPAGNOLI ROAD STE 111 MELVILLE NY 11747 | | | COLLECTION | | 193.50 |

X
_____ continuation sheets attached.

|  | | |
|---|---|---|
| Subtotal | $ | 2,901.56 |
| Total | $ | 37,597.27 |

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 F (12/07)**

Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.
YOUNGBLOOD JR., RAYMOND    Debtor(s)    Case No.    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| GLOBAL PAYMENTS CHCK SVC<br>PO BOX 661158<br>CHICAGO<br>IL<br>60666 | | | CONSUMER DEBT | | $ 820.00 |
| ILLINOIS COLLECTION SERVI<br>PO BOX 1010<br>TINLEY PARK<br>ILL<br>60477 | | | COLLECTION | | 25.35 |
| JOLAS & ASSOCIATES<br>202 1ST sT NW<br>MASON CITY<br>IA<br>50401 | | | COLLECTION | | 497.90 |
| KCA FINANCIAL SERVICES<br>628 NORTH STREET<br>GENEVA<br>IL<br>60134 | | | COLLECTION | | 497.90 |
| MDU COMMUNICATIONS<br>PO BOX 4497<br>CAROL STREAM<br>IL<br>60197 | | | CONSUMER DEBT | | 200.64 |
| MEDICAL RECOVERY SPECIALI<br>2250 E. DEVON AVE  STE 35<br>DES PLAINES<br>IL<br>60018 | | | MEDICAL BILL | | 2,150.51 |

X ___ continuation sheets attached.

Subtotal $ 4,192.30

Total $ 34,695.71

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

**Form B6 F (12/07)**

Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.
YOUNGBLOOD JR., RAYMOND                    Debtor(s)        Case No.                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| SKO BRENNER AMERICAN PO BOX 230 FARMINGDALE NY 11735 | | | COLLECTION | | 23.00 |
| T-MOBILE PO BOX 742596 CINCINNATI OH 45274 | | | CONSUMER DEBT | | 688.44 |
| TRIDENT ASSET.COM 5755 NORTHPOINT PKWY ALPHARETTA GA 30022 | | | COLLECTION | | 58.00 |
| TRUSTMARK RECOVERY SERVIC 541 OTIS BOWEN DRIVE MUNSTER IN 46321 | | | COLLECTION | | 2,800.73 |
| UCB COLLECTORS 5620 SOUTHWYCK BLVD TOLEDO OH 43614 | | | COLLECTION | | 640.00 |
| UNIVERSITY OF CHICAGO MED 15965 COLLECTIONS CTR DRI CHICAGO IL 60693 | | | MEDICAL BILL | | 437.28 |

X
___ continuation sheets attached.

Subtotal  $  4,647.45

Total  $  77,408.76

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)



Form B6 F (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.           Debtor(s)    Case No.              (if known)
       YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| NORTHWEST COLLECTORS 3601 ALGONQUIN ROLLING MEADOWS IL 60008 | | | COLLECTION | | 293.00 |
| PENN CREDIT 916 S 14TH ST HARRISBURG PA 17108 | | | COLLECTION | | 301.92 |
| PEOPLES ENERGY 130 E. RANDOLPH CHICAGO ILLINOIS 60601 | | | UTILITY BILL | | 497.00 |
| PRI-MED INFUSION SVCS 5517 N CUMBERLAND AVE STE CHICAGO IL 60656 | | | MEDICAL BILL | | 40.03 |
| PSC PHYSICIAN'S BILLING G DEPT 77-9273 CHICAGO IL 60678 | | | MEDICAL BILL | | 105.00 |
| QC FINANCIAL SERVICES 3168 S ASHLAND AVE CHICAGO IL 60608 | | | PAYDAY LOAN | | 3,841.68 |

X ___ continuation sheets attached.

Subtotal   $   5,078.63

Total   $   42,675.90

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

 **Form B6 F (12/07)**   **Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.
     YOUNGBLOOD JR., RAYMOND          Debtor(s)     Case No.        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| AMG - HEART AND VASCULAR 75 REMITTANCE DRIVE STE 1 CHICAGO IL 60675 | | | MEDICAL BILL | | 5,118.96 |
| ANDREW AGEN DAVIS MD 8541 S STATE ST STE 8 CHICAGO IL 60619 | | | MEDICAL BILL | | 16.88 |
| AOM HEALTHCARE SOLUTIONS PO BOX 841657 DALLAS TX 75284 | | | MEDICAL BILL | | 218.88 |
| ASSET ACCEPTANCE LLC PO BOX 2036 WARREN MI 48090 | | | COLLECTION | | 1,317.06 |
| AT & T 1585 WAUKEGAN ROAD CHICAGO ILLINOIS 60085 | | | CONSUMER DEBT | | 100.00 |
| CMI 4200 INTERNATIONAL CARROLLTON TX 75007 | | | COLLECTION | | 806.45 |

X ____ continuation sheets attached.

Subtotal $   7,578.23

Total $   20,568.09

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

Form B6 F (12/07)                    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.                    Debtor(s)        Case No.                (if known)
        YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| COMED PO BOX 6111 CAROL STREAM IL 60197 | | | UTILITY BILL | | $ 580.00 |
| CREDIT ACCEPTANCE CORP PO BOX 5070 SOUTHFIELD MI 48086 | | | AUTO REPO | | 6,759.00 |
| CREDIT MANAGEMENT CNTL PO BOX 1408 RACINE WI 53401 | | | COLLECTION | | 375.00 |
| CREDIT MANAGEMENT CONTROL PO BOX 1654 GREEN BAY WI 54305 | | | COLLECTION | | 375.00 |
| CREDIT MANAGEMENT LP 4200 INTERNATIONAL PARKWA CAROLLTON TX 75007 | | | COLLECTION | | 337.91 |
| CREDITORS DISCOUNT & AUD PO BOX 213 STREATOR ILLINOIS 61364 | | | COLLECTION | | 170.00 |

X
_____ continuation sheets attached.

Subtotal   $   8,596.91

Total   $   29,165.00

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)



Form B6 F (12/07)          Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.          Debtor(s)          Case No.          (if known)
       YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 1ST FINANCIAL ASSET MGMT 250 BERRYHILL ROAD #210 COLUMBIA SC 29210 | | | AUTO REPO | | 11,291.00 |
| ACCESS MEDICAL SUPPLY PO BOX 028545 MIAMI FL 33102 | | | MEDICAL BILL | | 216.27 |
| ADVOCATE HEALTH CARE 22393 NETWORK PLACE CHICAGO IL 60673 | | | MEDICAL BILL | | 250.00 |
| ADVOCATE ILLINOIS MASONIC 836 W. WELLINGTON CHICAGO IL 60657 | | | MEDICAL BILL | | 26.40 |
| ADVOCATE MEDICAL GROUP 75 REMITTANCE DRIVE CHICAGO IL 60675 | | | MEDICAL BILL | | 25.35 |
| AFNI, INC 404 BROCK DRIVE BLOOMINGTON ILLINOIS 61702 | | | COLLECTION | | 1,180.84 |

X ____ continuation sheets attached.

| | | |
|---|---|---|
| Subtotal | $ | 12,989.86 |
| Total | $ | 12,989.86 |

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

Form B6 F (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.                    Debtor(s)        Case No.                  (if known)
       YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| UNIVERSITY OF CHICAGO MED 8201 S. CASS AVE DARIEN IL 60561 | | | MEDICAL BILL | | 2,195.00 |
| VAN RU CREDIT CORP 150 S SUNNYSLOPE STE 108 BROOKFIELD WI 53005 | | | COLLECTION | | 165.29 |
| VENGROFF WILLIAMS PO BOX 4155 SARASOTA FL 34230 | | | COLLECTION (GM FINANCIAL) | | 11,641.02 |
| WELLINGTON RADIOLOGY GROU 39006 TREASURY CTR CHICAGO IL 60694 | | | MEDICAL BILL | | 342.00 |
| WORLDWIDE PREFERRED PUBLI PO BOX 3218 PEORIA IL 61612 | | | CONSUMER DEBT | | 898.20 |
| WOW INTERNET CABLE PO BOX 5715 CAROL STREAM ILLINOIS 60197 | | | CONSUMER DEBT | | 700.00 |

_____ continuation sheets attached.

Subtotal $ 15,941.51

Total $ 93,350.27

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)



**Form B6 F (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.            Debtor(s)        Case No.            (if known)
       YOUNGBLOOD JR., RAYMOND

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| QC FINANCIAL SERVICES<br>3168 S ASHLAND AVE<br>CHICAGO<br>IL<br>60608 | | | PAYDAY LOAN | | 956.56 |
| REGIONAL ACCEPTANCE CORP<br>765 ELA ROAD STE 205<br>LAKE ZURICH<br>IL<br>60047 | | | DODGE JOURNEY (RETURNING) | | 27,644.00 |
| RIDDLE & ASSOC<br>PO BOX 1187<br>SANTY<br>UT<br>84091 | | | CONSUMER DEBT | | 857.70 |
| RMCB<br>PO BOX 1235<br>ELMSFORD<br>NY<br>10523 | | | COLLECTION | | 291.52 |
| SEVENTH AVENUE<br>1112 7TH AVE<br>MONROE<br>WI<br>53566 | | | CONSUMER DEBT | | 291.00 |
| SIONA HEALTH CARE<br>5011 N LINCOLN AVE<br>CHICAGO<br>IL<br>60625 | | | MEDICAL BILL | | 44.63 |

X
___ continuation sheets attached.

Subtotal  $  30,085.41

Total     $  72,761.31

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 G (12/07)**                                    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.                    Debtor(s)  Case No.                    (if known)
     YOUNGBLOOD JR., RAYMOND

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

Form B6 H  (12/07)           **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:   YOUNGBLOOD, KRYSTAL C.                    Debtor(s)  Case No.                    (if known)

# SCHEDULE H - CODEBTORS

☒  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Form B6 I (12/07)

BlumbergExcelsior,Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.
      YOUNGBLOOD JR., RAYMOND

Debtor(s)   Case No.                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|
| Debtor's Marital Status MARRIED | RELATIONSHIP | AGE |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | SOCIAL SECURITY | ENGINEER |
| Name of Employer | | THE OAKS |
| How long employed | | 3 WEEKS |
| Address of Employer | | 820 SOUTH PARK TERRACE CHICAGO IL |

INCOME: (Estimate of average monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | 0.00 | 4370.20 |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | 0.00 | 4370.20 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 0.00 | 1083.96 |
| b. Insurance | | |
| c. Union dues | | |
| d. Other (Specify) | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 1083.96 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 3286.24 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | |
| 11. Social security or other government assistance (Specify) | 776.00 | |
| 12. Pension or retirement income | | |
| 13. Other monthly income (Specify) | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 776.00 | $ 3286.24 |
| 16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 4062.24 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:



Form B6 J (12/07)          **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: YOUNGBLOOD, KRYSTAL C.                    Debtor(s)  Case No.                    (if known)
       YOUNGBLOOD JR., RAYMOND

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The monthly average incomecalculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---|
| 1. Rent or home mortgage payment  (include lot rented for mobile home) | $ | 1200.00 |
| a. Are real estate taxes included? ☐ Yes ☒ No    b. Is property insurance included? ☐ Yes ☒ No | | |
| 2. Utilities  Electricity and Heating Fuel | | 275.00 |
|   b. Water and Sewer | | 0.00 |
|   c. Telephone | | 160.00 |
|   d. Other     CABLE/INTERNET | | 174.00 |
|                0 | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | 450.00 |
| 4. Food | | 0.00 |
| 5. Clothing | | 75.00 |
| 6. Laundry and dry cleaning | | 250.00 |
| 7. Medical and dental expenses | | 120.00 |
| 8. Transportation (not including car payments) | | 40.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | 525.00 |
| 10. Charitable contributions | | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|   a. Homeowner's or renter's | | 0.00 |
|   b. Life | | 580.00 |
|   c. Health | | 0.00 |
|   d. Auto | | 0.00 |
|   e. Other | | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) | | |
| 13. Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|   a. Auto | | 0.00 |
|   b. Other | | |
|   c. Other | | |
| 14. Alimony, maintenance, and support paid to others | | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | 160.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | 0.00 |
| 17. Other | | |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4009.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

   a. Average monthly income from line 15 of Schedule I

   b. Average monthly expenses from Line 18 above

   c. Monthly net income (a. minus b.)                              0.00



Form B6 Cont. (12-07)          **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:  YOUNGBLOOD, KRYSTAL C.                                    Debtor(s)  Case No.                    (if known)
        YOUNGBLOOD JR., RAYMOND

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___15___ sheets, and that they are true and correct to the best of my knowledge, information, and belief. *(Total shown on summary page plus 2.)*

Date _8/5/2013_     Signature _Krystal Youngblood_
                              YOUNGBLOOD, KRYSTAL C.          Debtor

Date _8/5/2013_     Signature _Raymond Youngblood Jr._
                              YOUNGBLOOD JR., RAYM       (Joint Debtor, if any)
                              *(If joint case, both spouses must sign.)*

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address:

X_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.**

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 15 sheets, and that they are true and correct to the best of my knowledge, information, and belief.
**(Total shown on summary page plus 1.)**

Date _____          Signature _____

                                     *(Print or type name of individual signing on behalf of debtor.)*

*(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  4/5/2013
Signature of Debtor

Date
Signature of Joint Debtor
(if any)

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  8-5-13
Signature

Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

Signature of Bankruptcy Petition Preparer      Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

B 7 (Official Form 7) (12/12)

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

*Raymond Youngblood JR - RY*

In re:  YOUNGBLOOD, KRYSTAL C._____,        Case No. _____
                Debtor                                                     (if known)

## STATEMENT OF FINANCIAL AFFAIRS

       This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

       Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

    *"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

---

**1.   Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                  SOURCE

YEAR OF 2013 SOCIAL SECURITY $4656.00
YEAR OF 2012 SOCIAL SECURITY $9312.00

B 7 (12/12)                                                                                                2

### 2. Income other than from employment or operation of business



State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                        SOURCE

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*



a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 7 (12/12)                                                                                              3


None

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**


None

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|


None

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**


None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

B 7 (12/12)                                                                                                                4

### 6.   Assignments and receiverships


None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|


None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7.   Gifts


None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.   Losses


None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B 7 (12/12)                                                                                                                    5

**9.   Payments related to debt counseling or bankruptcy**

None


List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**10.   Other transfers**

None


a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None


b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11.   Closed financial accounts**

None


List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

B 7 (12/12)                                                                                                          6

### 12.  Safe deposit boxes


None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13.  Setoffs


None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14.  Property held for another person


None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15.  Prior address of debtor



None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B 7 (12/12)                                                                                                          7

**16.  Spouses and Former Spouses**



If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 .  Nature, location and name of business**



a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B 7 (12/12)                                                                                                                 8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.  Books, records and financial statements

None    a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None    b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

B 7 (12/12)                                                                                                    9

None
☑    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the
      books of account and records of the debtor.  If any of the books of account and records are not available, explain.

      NAME                                                    ADDRESS


None
☑    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
      financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

      NAME AND ADDRESS                                        DATE ISSUED


_____

**20.  Inventories**

None
☑    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the
      taking of each inventory, and the dollar amount and basis of each inventory.

      DATE OF INVENTORY          INVENTORY SUPERVISOR        DOLLAR AMOUNT
                                                             OF  INVENTORY
                                                             (Specify cost, market or other basis)


None
☑    b.  List the name and address of the person having possession of the records of each of the inventories reported
      in a., above.

      DATE OF INVENTORY                                      NAME AND ADDRESSES
                                                             OF CUSTODIAN
                                                             OF INVENTORY RECORDS


_____

**21 .  Current Partners, Officers, Directors and Shareholders**

None
☑    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
      partnership.

      NAME AND ADDRESS          NATURE OF INTEREST       PERCENTAGE OF INTEREST


None
☑    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
      directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
      corporation.
                                                             NATURE AND PERCENTAGE
      NAME AND ADDRESS                    TITLE              OF STOCK OWNERSHIP


_____

B 7 (12/12)                                                                                                    10

### 22 . Former partners, officers, directors and shareholders

None 

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None 

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

### 23 . Withdrawals from a partnership or distributions by a corporation

None 

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None 

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

None 

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

*[If completed by an individual or individual and spouse]*

B 7 (12/12)                                                                                     11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _8/5/2013_          Signature       _Raymond Young Blood Jr_
                         of Debtor

Date _8/5/2013_          Signature of
                         Joint Debtor   _Krystal Young Blood_
                         (if any)

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

                               Print Name and
                               Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer        Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*



B8 (Official Form 8) (12/08)          **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

In re   YOUNGBLOOD, KRYSTAL C.                    Case No.
        YOUNGBLOOD JR., RAYMOND                   Chapter   7

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| REGIONAL ACCEPTANCE CORP | 2011 DODGE |

Property will be (check one):
[X] Surrendered          [ ] Retained

If retaining the property, I intend to (check at least one):
[ ] Redeem the property
[ ] Reaffirm the debt
[ ] Other, Explain

Property is (check one):
[ ] Claimed as exempt          [X] Not claimed as exempt

---

Property No. 2   *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| | |

Property will be (check one):
[ ] Surrendered          [ ] Retained

If retaining the property, I intend to (check at least one):
[ ] Redeem the property
[ ] Reaffirm the debt
[ ] Other, Explain

Property is (check one):
[ ] Claimed as exempt          [ ] Not claimed as exempt

---

Property No. 3   *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| | |

Property will be (check one):
[ ] Surrendered          [ ] Retained

If retaining the property, I intend to (check at least one):
[ ] Redeem the property
[ ] Reaffirm the debt
[ ] Other, Explain

Property is (check one):
[ ]          [ ] Not claimed as exempt



B8 (Official Form 8) (12/08)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

**PART B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No. 1

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |
|---|---|---|

Property No. 2    *(if necessary)*

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |
|---|---|---|

Property No. 3    *(if necessary)*

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |
|---|---|---|

Property No. 4    *(if necessary)*

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☒ NO |
|---|---|---|

Property No. 5    *(if necessary)*

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |
|---|---|---|

Property No. 6    *(if necessary)*

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |
|---|---|---|

Property No. 7    *(if necessary)*

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |
|---|---|---|

**I declare under penalty of perjury that the above indicated my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  *8/5/2013*

_____
Signature of Debtor

_____
Signature of Joint Debtor